UNDERWOOD v. NEW NETHERLAND BANK OF NEW YORK.

(Supreme Court, Appellate Term, First Department.  December 17, 1914.)

1. SALES (§ 52*)—IMPLIED AGREEMENTS—QUESTIONS TO WITNESS.
     In an action for the price of machines, returnable at the end of 30 days from delivery, if not suitable, in which the defense was an implied agreement, made within the 30 days, that the purchaser should have further time to test the machines, as he was not then satisfied with them, questions relative to the use to which the machines were to be put, and conversations with plaintiff's representative within the 30 days as to how the machines were working, and whether the purchaser desired to continue their use, were proper, as the answers might tend to show the implied agreement pleaded.
     [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 118–144, 1045; Dec. Dig. § 52.*]

2  CONTRACTS (§ 333*)—IMPLIED AGREEMENT—PLEADING.
     The facts and circumstances upon which an implied agreement rests need not be pleaded.
     [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1196, 1640–1657, 1659; Dec. Dig. § 333.*]

Appeal from City Court of New York, Trial Term.

Action by John T. Underwood against the New Netherland Bank of New York.  From a judgment for plaintiff, entered on a verdict directed by the court, and from an order denying a motion for a new trial, defendant appeals.  Reversed, and new trial ordered.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Sackett, Chapman & Stevens, of New York City (William P. Chapman, Jr., of New York City, of counsel), for appellant.

Wilber, Norman & Kahn, of New York City (Mark W. Norman, of New York City, of counsel), for respondent.

LEHMAN, J.  The plaintiff sues for the price of certain machines, sold under an agreement that the machines were "returnable at the end of 30 days from delivery, if not found suitable." The answer alleges as an affirmative defense, in substance, that the defendant informed the plaintiff before the expiration of the 30 days that the said machines were not satisfactory, and that the parties entered into a further agreement whereby the defendant agreed to give the machines a longer trial, and the plaintiff agreed that the defendant might make such further test of the machines after the expiration of such 30-day limit as might be required to clearly demonstrate their utility or lack of utility for the defendant's purposes.

[1] At the trial the defendant attempted to show the use to which the machines were put, and were intended to be put, after their delivery, and conversations with the plaintiff's representative prior to the expiration of the 30-day term relative to how the machines were working, and as to whether the defendant desired to continue those machines in their use and possession.  All these questions were excluded by the trial justice, apparently on the ground that they were

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ımmaterial under the issue raised by the pleadings. The defendant stated:

"I do not claim there was an agreement in express words, but I am attempting to prove the circumstances which it seems to us gave rise to such an implication."

The questions asked by the defendant seem to me clearly material upon the issue raised by the answer, that the option to return within 30 days was waived by an agreement that the defendant should be permitted to make a longer trial. A contract may be concluded by clear and express promises, or by acts and conversations from which such promises may be implied, and whether such an agreement as pleaded is shown by express promise or by necessary inference is immaterial, for in either event it would act as a waiver of the time limit of the original contract. The answers to the questions excluded might well be expected to show acts and conversations from which the agreement pleaded might be inferred, and their exclusion in my opinion constitutes such error as requires a new trial.

[2] The respondent seeks to sustain these rulings upon the ground that the facts and circumstances upon which an implied agreement rests should be pleaded, but I know of no authority or reason for such a rule. He also, claims that the defendant did not show any authority in defendant's representative to make such an agreement. While some questions were objected to on this ground, it is quite evident that the objections were not sustained on this ground, and that the defendant could probably have supplied this defect, if it had constituted the real ground of exclusion.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.